IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| Jessica SCIBETTA, *on behalf of herself and all others similarly situated*, | Civil No. 16-9218 (RBK/KMW) |
| | **Opinion** |
| Plaintiff(s), | |
| v. | |
| TD BANKNORTH, NA d/b/a TD RETAIL CARD SERVICES, SHOPPERS CHARGE ACCOUNTS CO., et al., | |
| Defendant(s). | |

**KUGLER**, United States District Judge:

Plaintiff Jessica Scibetta, on behalf of herself and all others similarly situated, brings claims against Defendants TD Banknorth, NA d/b/a TD Retail Card Services, Shoppers Charge Accounts Co., Paul Mason and Associates, Inc. d/b/a Creditors Bankruptcy Service, A Division of TD Banknorth, NA d/b/a TD Retail Card Services, and John Doe Individuals and Businesses 1-10 ("Defendants") under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., Truth-in-Consumer Contracts, Warranty and Notice Act ("TCCWNA"), N.J. Stat. Ann. § 56:12-14 et seq., and Uniform Declaratory Judgments Law ("UDJL"), N.J. Stat. Ann. § 2A:16-15 et seq. This matter is before the Court upon Defendant TD Banknorth's ("TD Bank") Motion to Dismiss (Doc. No. 7), Defendant Paul Mason and Associates, Inc.'s ("PMA") Motion to Dismiss (Doc. No. 18), and Plaintiff's Cross-Motion to Remand (Doc. No. 23). For the reasons

set forth in this Opinion, TD Bank's and PMA's Motions to Dismiss are **GRANTED IN PART** and Plaintiff's Cross-Motion to Remand is **GRANTED IN PART**.

I.       FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff opened a line of credit with TD Bank to purchase a pool and pool accessories on April l4, 2013. *See* Compl. ¶ 18. The credit line gave TD Bank a securitized interest in the goods. *Id.* Ex. D, ¶ 9. Plaintiff subsequently filed a Chapter 7 bankruptcy petition and secured a discharge for the bankruptcy on September 1, 2015. *Id.* ¶¶ 20–21. On November 1, 2015, PMA contacted Plaintiff via letter and stated,

> "The contract you signed grants TD Retail Card Services a Purchase Money Security Interest in the Home Furnishings you purchased from them. . . . If you wish to retain possession of the Home Furnishings, TD Retail Card Services will still consider a redemption/purchase of the Home Furnishings or lien by you. . . . Please contact me by November 13, 2015 so that we can discuss mutually satisfactory arrangements."

*Id.* Ex. B. Plaintiff's bankruptcy attorney responded to PMA on November 20, 2015, informing PMA of his representation and requesting a copy of the contract between Plaintiff and TD Bank. *Id.* ¶ 23. PMA sent him the contract on November 23, 2015. *Id.* ¶ 24. PMA subsequently sent Plaintiff a second letter on December 14, 2015 and stated,

> You have failed to respond to our efforts to reach a mutually satisfactory arrangement . . . . You leave our client no alternative but to arrange for return of the merchandise. . . . Please assemble the collateral and call me at 800-650-0707.

*Id.* Ex. E.

Following the notices from PMA, Plaintiff, individually and on behalf of others similarly situated, filed a Complaint in the Superior Court of New Jersey, Camden County on November 1, 2016. The Complaint asserts claims under the FDCPA against PMA, under the TCCWNA against all Defendants, and under the UDJL requesting a declaratory judgment. *Id.* ¶¶ 92–111.

2

Defendants timely filed a Notice of Removal on November 14, 2016 (Doc. No. 1). TD Bank then brought a Motion to Dismiss on January 4, 2017 (Doc. No. 7), and PMA a Motion to Dismiss on January 20, 2017 (Doc. No. 18). Plaintiff filed a Cross-Motion to Remand on February 3, 2017 (Doc. No. 23).

## II.    MOTION TO REMAND

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove an action filed in state court to a federal court with original jurisdiction over the action. Once an action is removed, a plaintiff may challenge removal by moving to remand the case back to state court. To defeat a plaintiff's motion to remand, the defendant bears the burden of showing that the federal court has jurisdiction to hear the case. *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1995). Generally, where the decision to remand is a close one, district courts are encouraged to err on the side of remanding the case back to state court. *See id.* at 29 ("Because the lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand.").

Defendants' Notice of Removal claims this Court has original jurisdiction under 28 U.S.C. § 1331 because the Complaint brings claims arising under the Constitution, laws, or treaties of the United States. Plaintiff indeed asserts claims under the FDCPA, a federal statute. However, Plaintiff nonetheless argues Defendants' challenge to Article III standing deprives the Court of jurisdiction and requests it remand the entire controversy to state court. The Court does not agree. In order to determine whether it has jurisdiction under Article III, it must undertake analysis of the issue of standing. Thus, the Court declines to grant the Motion to Remand at this

point in its analysis and proceeds to address Defendants' Motions to Dismiss under Rules 12(b)(1) and 12(b)(6).

## III. MOTION TO DISMISS

### A. Legal Standard

A motion to dismiss based on lack of standing must be brought under Federal Rule of Civil Procedure 12(b)(1) because standing is jurisdictional. *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007). A motion to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) may be brought at any time and may either (1) "attack the complaint on its face" or (2) "attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). In the second type of 12(b)(1) motion, the court does not presume that the allegations in the plaintiff's complaint are true, and "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* Furthermore, the plaintiff has the burden of proving that the court has subject matter jurisdiction. *Id.* If a court lacks subject matter jurisdiction, it must dismiss the case without prejudice. In re *Orthopedic "Bone Screw" Prods. Liab. Litig.*, 132 F.3d 152, 155–56 (3d Cir. 1997).

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). A complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to

relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is not for courts to decide at this point whether the non-moving party will succeed on the merits, but "whether they should be afforded an opportunity to offer evidence in support of their claims." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 215 (3d Cir. 2002). While "detailed factual allegations" are not necessary, a "plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

In making this determination, the court conducts a three-part analysis. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Iqbal*, 556 U.S. at 675). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 679). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not suffice. *Id.* at 131 (quoting *Iqbal*, 556 U.S. at 678). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679). This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A complaint cannot survive a motion to dismiss where a court can only infer that a claim is merely possible rather than plausible. *Id.*

### B. Count I — FDCPA

   *1. Rule 12(b)(1)*

For a district court to have jurisdiction, a plaintiff must have standing at the time of the filing of the complaint. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 571 n.5 (1992). The Plaintiff bears the burden of proof to establish standing. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000). To establish standing, a plaintiff must demonstrate: (1) an injury in fact; (2) a causal relationship between that injury and the challenged action; and (3) the likelihood that a favorable decision would redress that injury. *See Defenders of Wildlife*, 504 U.S. at 560–61. An injury in fact is "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Id.* at 560. A concrete injury "must actually exist." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016), *as revised* (May 24, 2016). That does not mean that the injury must be tangible; an intangible injury is nonetheless concrete if it resembles a harm traditionally recognized in English or American courts and has been elevated to a legally cognizable injury by Congress. *Id.* at 1549. The Supreme Court has recently cautioned, however, that a statutory violation alone is not sufficient to demonstrate a concrete harm. "[A] bare procedural violation, divorced from any concrete harm, [does not] satisfy the injury-in-fact requirement of Article III." *Id.* There must at least be a "risk of real harm." *Id.*

PMA asserts that Plaintiff did not suffer a concrete injury. The Complaint first alleges that PMA made false, deceptive, and misleading statements in contravention of §§ 1692f(1) and 1692f(14) of the FDCPA. The Third Circuit has not opined on whether a violation of the FDCPA constitutes an injury in fact, following *Spokeo*. Courts in this District in recent months, however, have overwhelmingly found there to be a concrete injury where the defendant violated § 1692f.

*See, e.g.*, *Bock v. Pressler & Pressler, LLP*, No. Civ. 11-7593 (KM)(SCM), 2017 WL 2304643, at *6–7, *8–9 (D.N.J. May 25, 2017); *Pisarz v. GC Servs. Ltd. P'ship*, No. Civ. 16-4552 (FLW), 2017 WL 1102636, at *4–6 (D.N.J. Mar. 24, 2017); *Fuentes v. AR Res., Inc.*, No. Civ. 15-7988 (FLW)(LHG), 2017 WL 1197814, at *4–5 (D.N.J. Mar. 31, 2017). In this case, Plaintiff's claim asserts that PMA failed to identify itself as a debt collector and use its proper name. Accepting the alleged facts as true, Plaintiff suffered the harm of being deceived regarding a debt collector's identity. This harm is one that has been recognized in traditions of common law, most obviously in the torts of fraud and misrepresentation. The Supreme Court has also stated that "a plaintiff suffers an 'injury in fact' when [that] plaintiff fails to obtain information which must be publicly disclosed pursuant to a statute." *FEC v. Akins*, 524 U.S. 11, 21 (1998) (citations omitted). Accordingly, the Court is satisfied that Plaintiff has shown a concrete harm that stems from its claims under §§ 1692f(1) and 1692f(14).

Plaintiff also brings claims under §§ 1692e(5) and 1692f(6)(B) for PMA's alleged threats to arrange the return of goods that it had no intention of obtaining. Courts in this District have found concrete harm under some provisions of § 1692f. For example, one court found an injury in fact where a collection letter claimed to require a convenience fee for credit card payments that the collection agency had no legal right to charge. *Fuentes*, 2017 WL 1197814, at *5. The plaintiff suffered a harm in being misled into either paying an extra charge or incurring the inconvenience of paying via check. *Id.* This case presents no such harm. PMA's first letter informed Plaintiff that TD Bank has a security interest in her purchased goods and would consider receiving money payment in lieu of the merchandise's return. PMA's second letter stated that, due to Plaintiff's nonresponse, it had no alternative but to repossess the goods. At no point does the Complaint allege that PMA misstated its rights. Plaintiff does assert that PMA

7

never had an intention to remove the items even though it threatened to do so; however, it is not apparent how such a misrepresentation resulted in harm. PMA gave Plaintiff the options of returning the goods or requesting to purchase them. However, PMA only states it would "consider" a redemption/purchase or lien and never guarantees that money payment is the only way to prevent repossession. Thus, Plaintiff never faced the false choice presented by the collection letter in *Fuentes*. This Court accordingly finds that Plaintiff lacks standing to assert the claims under §§ 1692e(5) and 1692f(6)(B) and dismisses them with prejudice.

Plaintiff also alleges that PMA contacted Plaintiff rather than his counsel in violation of §§ 1692b(6) and 1692c(a)(2). The two provisions protect a debtor from communication by a collector where the debtor has retained a professional to assess, address, and resolve all matters related to the debt. Similar requirements exist in other contexts, like professional responsibility. *See* Model Rules of Prof'l Conduct r. 4.2. Thus, the Court finds that this harm is found in traditions of common law and satisfies the requirements of standing.

2. *Rule 12(b)(6)*

PMA also argues that the FDCPA count fails to state a claim for relief. The FDCPA provides a cause of action to consumers who have been subjected to "the use of abusive, deceptive, and unfair debt collection practices." 15 U.S.C. § 1692(a). A plaintiff bringing an FDCPA claim must show that "(1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014). PMA challenges only the second element, whether PMA is a debt collector for the purposes of the FDCPA.

PMA argues it is in the business of enforcing security interests, not collecting debts. The Third Circuit has found that repossession agencies do not constitute debt collectors, except as to violations of § 1692f(6). *Piper v. Portnoff Law Assocs., Ltd.*, 396 F.3d 227, 236 (3d Cir. 2005) ("Even though a person whose business does not primarily involve the collection of debts would not be a debt collector for purposes of the Act generally, if his principal business is the enforcement of security interests, he must comply with the provisions of the Act dealing with non-judicial repossession abuses."). A automobile repossession business, for instance, is not subject to provisions outside of § 1692f(6) in the FDCPA.

PMA's letters to Plaintiff plainly sought to enforce security interests in Plaintiff's pool purchases. Plaintiff contends that PMA functionally engaged in debt collection by permitting Plaintiff to make a money payment in lieu of returning the goods. The Court is not persuaded. PMA provided Plaintiff the option of purchasing the items, but did not require her to make any money payments to PMA. *See also Jordan*, 731 F. Supp. at 658 (discussing how the purpose of the FDCPA supports subjecting debt collectors and not enforcers of security interests to the statute, because debt collectors seek to retrieve something the debtor does not have). Thus, PMA was not acting as a debt collector for the purposes of Plaintiff's remaining FDCPA claims, §§ 1692f(1), 1692f(14), 1692b(6), and 1692c(a)(2), and the Court dismisses them with prejudice.

### C. Count II — TCCWNA, Count III — UDJL

Defendants argue that this Court lacks subject matter jurisdiction over Plaintiff's state law claims brought under the TCCWNA and UDJL. "Supplemental jurisdiction allows federal courts to hear and decide state-law claims along with federal-law claims when they 'are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.'" *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 387 (1998) (quoting 28

U.S.C. § 1367(a)). Where a district court has original jurisdiction over federal claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367(a), the district court has discretion to decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3); *Growth Horizons, Inc. v. Del. Cty., Pa.*, 983 F.2d 1277, 1284–85 (3d Cir. 1993). In this case, the Court is dismissing every claim over which it had original subject matter jurisdiction and at an early stage in the litigation. Therefore, it declines to exercise supplemental jurisdiction over Plaintiff's TCCWNA and UDJL claims and remands the case to the Superior Court of New Jersey.

## IV. CONCLUSION

For the foregoing reasons, TD Bank's and PMA's Motions to Dismiss are **GRANTED IN PART**. Plaintiff's Motion to Remand is **GRANTED IN PART**.


Dated:  8/11/2017                                                   s/ Robert B. Kugler

                                                                                             ROBERT B. KUGLER

                                                                                             United State District Judge